STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1243


NADINE EWING

VERSUS

FREDERICK M. HILBURN, II


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DIST. 02
PARISH OF RAPIDES, NO. 10-05275
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

ON REHEARING

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.


REHEARING GRANTED; AFFIRMED.


Eugene A. Ledet, Jr.
Dalrymple & Ledet, LLC
P. O. Drawer 14440
Alexandria, LA 71315
(318) 442-1818
COUNSEL FOR PLAINTIFF/APPELLANT:
      Nadine Ewing
Kim Purdy Thomas
Patrick F. Cole
Mayer, Smith & Roberts, L.L.P.
1550 Creswell Ave.

**Shreveport, LA 71101**
**(318) 222-2135**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Frederick M. Hilburn, II, DDS and Continental Casualty Company**

**PETERS, J.**

We granted a rehearing in this matter for the limited purpose of addressing whether Mrs. Ewing is entitled to penalties and attorney fees as a result of Dr. Hilburn and Continental Casualty Company's untimely payment of indemnity and medical benefits resulting from her work-related accident. We failed to address the second issue of her assignment of error in our original opinion.

Mrs. Ewing asserted one assignment of error on appeal:

The workers' compensation judge was manifestly erroneous and committed legal error in denying attorney fees and penalties regarding late payment of indemnity benefits and medical benefits, and claimant's right to an initial examination by an orthopaedic surgeon of her choosing.

However, she broke her assignment of error into two issues. The argument at issue in this rehearing is the second of Mrs. Ewing's arguments: "Was the evidence submitted at trial sufficient to reasonably controvert Nadine Ewing's right to medical and indemnity benefits?"

After reviewing the record, we find no merit in Mrs. Ewing's argument on appeal. Mrs. Ewing failed to introduce any medical records obtained subsequent to the August 16, 2010 expedited hearing. Thus, while there is reference to a surgery performed by Dr. Rich and extensive physical therapy thereafter, there is no evidence of these events. This is because, despite having listed Dr. Rich's records and the physical therapy records as potential exhibits, Mrs. Ewing failed to file these into the record when she submitted this issue to the WCJ on briefs. Additionally, although Mrs. Ewing drops a footnote on page three of her appellate brief that Dr. Hilburn and Continental Casualty Company began paying indemnity benefits soon after the August 16, 2010 hearing, there is nothing in the record to establish this as fact or to evaluate whether this payment was timely or arbitrary and capricious.

Based on the foregoing, we find that Mrs. Ewing failed to prove that she is entitled to penalties and attorney fees based on Dr. Hilburn and Continental Casualty Company's failure to timely pay her indemnity and medical benefits. Accordingly, the judgment of workers' compensation judge denying Mrs. Ewing penalties and attorney fees for the late payment of indemnity and medical benefits is affirmed.

**REHEARING GRANTED; AFFIRMED.**